IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.                                          23-CR-6080

THOMAS J. LOEWKE,

           Defendant.

_____

## PLEA AGREEMENT

The defendant, THOMAS J. LOEWKE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 1511 (Obstruction of a State or Local Law Enforcement Investigation), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of 250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.   The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.   First, that the defendant, along with at least one co-conspirator, agreed to obstruct the enforcement of criminal laws of a state or locality;

b.   Second, that the defendant was an official or employee of a state or locality;

c.   Third, that the defendant or a co-conspirator conducted or financed or managed or supervised or directed or owned all or part of an illegal gambling business;

d.   Fourth, that the defendant knowingly and willfully participated in this unlawful plan with the intent to facilitate an illegal gambling business; and

e.   Fifth, at least one conspirator knowingly committed an overt act in furtherance of the conspiracy.

## FACTUAL BASIS

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   Beginning in or around October 2020 through and including in or around April 2021, in the Western District of New York and elsewhere, the defendant, THOMAS J. LOEWKE, did unlawfully combine, conspire, confederate, and

2

agree with Louis P. Ferrari II ("Ferarri") to obstruct the enforcement of the criminal laws of the State of New York, that is, New York Penal Law Section 225.05 (Promoting Gambling in the Second Degree) and New York Penal Law § 225.10 (Promoting Gambling in the First Degree), with intent to facilitate an illegal gambling business.

b.     At all times relevant to the Information, between in or around October 2020 through and including April 2021, the defendant was a New York State Police (NYSP) Sergeant.

c.     Beginning in or around October 2020, the NYSP, together with other local and federal law enforcement agencies, conducted an investigation (the "Investigation") into the illegal gambling activities of FERRARI and others.

d.     The defendant was aware that Ferrari conducted, financed, managed, supervised, directed, and owned an illegal bookmaking operation.

e.     The defendant does not dispute that Ferrari's illegal gambling operation involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of the business; remained in substantially continuous operation for a period in excess of thirty days; and had a gross revenue in excess of $2,000 in a single day.

f.     On or about December 17, 2021, the defendant became aware of the Investigation.

g.     On or about December 27, 2021, the defendant disclosed the existence of the Investigation to Ferrari.  The defendant intentionally and unlawfully disclosed the existence of the Investigation to Ferrari in order to obstruct the investigation and facilitate Ferrari's continued operation of his illegal gambling business.

h.     On or about January 2, 2021, Ferrari used the information provided by the defendant to attempt to obstruct the Investigation by changing the password of his sports betting website, changing the appearance of the sports betting website, and deleting the history of best placed through his sports betting website.

## III.    SENTENCING GUIDELINES

5.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.     The government and the defendant agree that Guidelines § 2J1.2 applies to the offense of conviction and provides for a base offense level of 14.

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

7.     The government maintains that the following specific offense characteristic does apply:

a.     The 2-level increase of Guidelines § 3B1.3 (abuse of trust/special skill).

8.     The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

9.     Based on the foregoing, it is the understanding of the government and the defendant that, if the Court determines that Guidelines § 3B1.3 applies, then the adjusted offense level for the offense of conviction is 16, and if the Court determines that Guidelines § 3B1.3 does not apply, then the adjusted offense level for the offense of conviction is 14.

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of either 14 if the Court determines

that Guidelines § 3B1.3 applies or 12 if the Court determines that Guidelines § 3B1.3 does not apply.

11.     If the Court determines that Guidelines § 3B1.3 applies, then the government further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 13.

## CRIMINAL HISTORY CATEGORY

12.     It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

13.     It is the understanding of the government and the defendant that:

a.     If the Court determines that Guidelines § 3B1.3 applies, then with a total offense level of 13 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **12 to 18** months, a fine of $5,500 to $55,000, and a period of supervised release of 2 to 3 years; and

b.     If the Court determines that Guidelines § 3B1.3 does not apply, then with a total offense level of 12 and a criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **10 to 16** months, a fine of $5,500 to $55,000, and a period of supervised release of 2 to 3 years.

Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

14.    The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

15.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

16.    In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

17.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   REMOVAL

18.    The defendant represents that he is a citizen of the United States.  However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

19.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20.     At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 23-mj-4007.

## VII.   APPEAL RIGHTS

21.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13(a), above, a term of imprisonment of 12 to 18 months, a fine of $5,500 to $55,000, and a period of supervised release of 2 to 3 years, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13(b), above, a term of imprisonment of 10 to 16 months, a fine of $5,500 to $55,000, and a period of supervised release of 2 to 3 years, notwithstanding the manner in which the Court determines the

sentence.  However, in the event of an appeal from the defendant's sentence by the defendant,

the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

24.    This plea agreement represents the total agreement between the defendant,

THOMAS J. LOEWKE, and the government.  There are no promises made by anyone other

than those contained in this agreement.   This agreement supersedes any other prior

agreements, written or oral, entered into between the government and the defendant.


TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
MEGHAN K. McGUIRE
Assistant United States Attorney

Dated:  May 17, 2023

I have read this agreement, which consists of pages 1 through 10.  I have had a full opportunity to discuss this agreement with my attorney, Michael P. Schiano, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.


THOMAS J. LOEWKE
Defendant

Dated:  May 17, 2023


MICHAEL P. SCHIANO, ESQ.
Attorney for the Defendant

Dated:  May 17, 2023